UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-319-RJC-DCK

| KEVIN SANDERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| UNITED PARCEL SERVICE, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court upon Defendant United Parcel Service, Inc.'s Motion to Dismiss, (Doc. No. 8), Plaintiff Kevin Sander's Response in Opposition, (Doc. No. 11), Defendant's Reply, (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending that this Court grant in part and deny in part Defendant's Motion to Dismiss. No objections to the M & R have been filed, and the time for doing so has expired. This matter is ripe for adjudication.

**I.  BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.

1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

Plaintiff, who is proceeding pro se, has filed a Complaint which asserts almost no facts related to his claims. See (Doc. No. 1). Defendant filed a Motion to Dismiss or in the Alternative for a More Definite Statement. (Doc. No. 8). Defendant argues that Plaintiff failed to plead sufficient facts and contends that even if the Court finds the Complaint sufficient, Plaintiff should be required to file an amended complaint that sets forth more detail. (Id.). The Magistrate Judge recommends that Plaintiff be allowed to file an amended complaint which should include sufficient factual content to allow the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. (Doc. No. 13 at 5) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court

has conducted a full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 8), is **GRANTED in part and DENIED in part**. Defendant's Motion to Dismiss is **DENIED without prejudice** and Defendant's alternative request for a more definite statement is **GRANTED**. Plaintiff shall file an Amended Complaint, or a voluntary dismissal of his Complaint, within **thirty (30) days** of entry of this Order.

Signed: November 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge