**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-319-RJC-DCK**

| | |
|---|---|
| **KEVIN SANDERS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED PARCEL SERVICE, INC.** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | **STIPULATED PROTECTIVE ORDER<br>CONCERNING CONFIDENTIAL<br>MATERIALS AND INFORMATION** |

This cause has been presented for consideration upon the joint motion and stipulation of the parties for entry of this Stipulated Protective Order Concerning Confidential Materials and Information. To facilitate the production and receipt of information during discovery in this action, Plaintiff Kevin Sanders ("Sanders") and Defendant United Parcel Service, Inc. ("UPS") agree and stipulate to the entry of the following Order for the protection of confidential information that may be produced or otherwise disclosed during the course of this action by any party or non-party.

Accordingly,

IT IS HEREBY ORDERED that any information, documents, or testimony marked or designated as "Confidential Information" shall not be used or disclosed by Sanders or counsel for UPS for any purpose whatsoever other than the preparation for and the trial of this action, and any such use or disclosure shall be subject to the following terms, conditions, and restrictions pending further order of this Court:

1

1.      Discovery Materials (as defined below) produced during the course of discovery deemed to contain confidential or trade secret information may be designated as confidential as follows: (1) by the party or non-party producing or disclosing them by marking the document or thing with the legend "Confidential" at the time of production, (2) by any party receiving them by making a written – or, if during a proceeding with a court reporter present, an on the record – designation thereafter, or (3) by any other party to this action by making a written – or, if during a proceeding with a court reporter present, an on the record – designation at the time of receipt of disclosure.

2.      For purposes of this Order, "Discovery Material" means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admission, inspections, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or among the parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format. The "Confidential" designation is intended to be applied as specified herein to Discovery Material that contains non-public, proprietary, confidential, or personal information that is treated by the proprietor thereof as confidential and proprietary information, including but not limited to, business, financial, research, development or other commercial information that the party designating such Discovery Materials as "Confidential" in good faith believes requires the protections provided in this Order.

3.      Any Discovery Materials marked or designated as "Confidential Information" shall not be disclosed by Sanders or counsel for UPS, except to Sanders, UPS, persons employed by counsel for UPS, and experts. With the exception of disclosure to administrative staff or other

support personnel employed by counsel for UPS, disclosure of Confidential Information shall occur only upon the condition that the persons to whom the information, documents, or testimony is disclosed shall be first advised of the terms of this Order, and shall agree to sign, and in fact sign, a copy of the Agreement which is attached hereto as Exhibit A. The original of said Agreement shall then be furnished forthwith to the opposing party or counsel for the opposing party.

4. Any Discovery Material marked or designated as "Confidential Information" shall not be disclosed by Sanders or counsel for UPS to trial witnesses or deponents, unless such witness or deponent testimony is reasonably related to the Confidential Information sought to be disclosed. With the exception of disclosure to administrative staff or other support personnel employed by counsel for UPS, disclosure of Confidential Information shall occur only upon the condition that the persons to whom the information, documents, or testimony is disclosed shall be first advised of the terms of this Order, and shall agree to sign, and in fact sign, a copy of the Agreement which is attached hereto. The original of said Agreement shall then be furnished forthwith to counsel for the opposing party.

5. Upon the assertion by Sanders or counsel for UPS during the course of a deposition upon oral examination that a question propounded calls for the oral disclosure of Confidential Information, any non-party witnesses (except for the deponent) and their representatives shall be excluded from the deposition until the inquiry concerning such Confidential Information is concluded. The testimony so given shall be Confidential Information, as shall the portion of the transcript of the deposition concerning the information. Additionally, Sanders and counsel for UPS shall have 15 days from the receipt of a deposition transcript to designate additional portions of the examination as "Confidential Information."

6. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of Discovery Material designated by them as "Confidential Information" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things, and other materials containing Confidential Information from those that do not contain Confidential Information; shall use their best efforts to act in good faith to limit the number of persons to whom Confidential Information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

7. Documents containing Confidential Information may not be filed with the Court, whether separately or with or as part of pleadings or other Court papers, except under seal. Any party wishing to file specific documents under seal must first present a motion or consent order to the Court for the Court's approval. Upon approval by the Court, the Confidential Information shall be filed in a sealed envelope, or other appropriate container, on which shall be endorsed the caption of this case, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential-Subject to Court Order," and the following notation: "This envelope contains documents filed in this case by [name of party]; and is not to be opened by, nor are the contents to be displayed or revealed to anyone, other than authorized Court personnel, except upon order of the Court." All copies thereof served upon opposing counsel shall also be kept in confidence pursuant to the terms of this Order.

8. The conditions of this Order shall remain in full force and effect during any appeal hereafter taken by any party.

9. In accordance with the Court's February 13, 2013 Pretrial Order and Case Management Plan, upon the conclusion of this litigation, ultimate disposition of all Confidential

Information (including all copies and abstracts thereof) shall be subject to a final order of the Court.

10. In the event that it becomes necessary, in the judgment of Sanders or counsel for UPS, to use or make disclosure of Confidential Information other than as permitted above, such use or disclosure may only be made after first obtaining the express written consent of the opposing party or opposing counsel, or upon first obtaining a subsequent order of the Court.

**IT IS FURTHER ORDERED** that the terms of this Order and the consent of Sanders and counsel for UPS hereto shall in no way affect the rights of any party or non-party to seek any other order or relief under the Federal Rules of Civil Procedure with respect to discovery issues which may hereafter arise.

**SO ORDERED**.

Signed: May 29, 2013

David C. Keesler
United States Magistrate Judge

**"EXHIBIT A"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THEWESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
Civil Action No. 3:12-CV-00319

| | | |
|---|---|---|
| **KEVIN SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **AGREEMENT TO COMPLY WITH** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| **UNITED PARCEL SERVICE, INC.** | ) | **GOVERNING CONFIDENTIAL** |
| | ) | **MATERIALS AND INFORMATION** |
| **Defendant.** | ) | |
| _____ | ) | |

1. I have read the Stipulated Protective Order Governing Confidential Materials and Information ("Stipulated Protective Order") entered by the Court in the above-captioned matter (the "Litigation").

2. I have been informed that materials being shown or provided to me contain information that has been designated "Confidential" as defined in the Stipulated Protective Order.

3. I hereby represent that I will not divulge, or undertake to divulge, any material designated as "Confidential" or information contained therein or derived therefrom except as authorized in the written Stipulated Protective Order. I further represent that I will not use any such material or information for any purpose other than as provided for in the Stipulated Protective Order, and that, at the termination of the above-referenced matter, I will return all designated Discovery Material provided to me, including all extracts and summaries of such materials or information contained therein or derived therefrom, to the counsel from whom I received such Discovery Material.

4. I hereby agree to abide by the terms of the Stipulated Protective Order. In the event of the breach of this Agreement, I recognize that the party producing or designating the Discovery Material as "Confidential" may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED: _____

Signature:_____

Printed Name:_____

Company Name:_____

Address:_____

City:_____

State and Zip Code:_____

Telephone:_____