IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-319-RJC-DCK

| | |
|---|---|
| KEVIN SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICES, INC.<br><br>    Defendant. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Defendant United Parcel Service, Inc.'s Motion To Compel" (Document No. 29) and "Plaintiff's Motion To Modify Initial Disclosures" (Document No. 34). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the motion to compel, and <u>grant</u> the motion to modify.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); and <u>Hickman v. Taylor</u>, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

**A. Motion To Compel**

Defendant's pending motion requests that the Court issue an order: (1) compelling Plaintiff to provide full and complete responses to Interrogatory Nos. 4 and 9; (2) compelling written responses to Defendant's First Request for Production of Documents; and (3) awarding reasonable attorney's fees incurred in filing the instant motion and supporting memorandum. (Document No. 29).

**1. Interrogatories Nos. 4 and 9**

> Interrogatory No. 4: Identify each and every person, including without limitation all current and former employees of UPS, with whom Plaintiff has communicated concerning any of the allegations or claims contained in his EEOC Charge and/or his Complaint. For each such person identified: state the type of communication (e.g., oral, written, electronic, etc.); state the date of the communication; state the identity of all participants and witnesses to the communication; describe in detail the substance of the communication; and identify any documents evidencing, relating to or supporting such communication.
>
> Plaintiff's Response to Interrogatory No. 4: The plaintiff objects to this Interrogatory to the extent that it seeks the disclosure of

> communications with an attorney pursuant to 2008 Formal Ethics Opinion 3, which are protected by the attorney client privilege.
>
> <u>Plaintiff's May 1, 2013 Supplemental Response to Interrogatory No. 4</u>: The Plaintiff has consulted numerous attorneys seeking legal representation in this matter. UPS is not entitled to know who these attorneys are, and does not need to know the identities of these attorneys in order to know that the attorney/client privilege applies and that the communications are protected.

(Document No. 29-1, p.6).

Defendant asserts that Plaintiff's responses to date have been deficient. (Document Nos. 29, 29-1, 36). Specifically, Defendant argues that "Plaintiff should be required to disclose the identities of all non-attorneys [and attorneys] with whom he has communicated regarding any of the allegations or claims contained in his EEOC Charge and/or his Complaint." (Document No. 29-1, pp.6-8). In response, Plaintiff contends that he has "not communicated with any current or former UPS employees in regards to any allegations contained in [his] EEOC complaint," and that Defendant "is not entitled to know" which attorneys he has communicated with. (Document No. 32, p.3).

After careful consideration of the arguments and legal authority, the undersigned finds that Plaintiff must fully respond to Defendant's Interrogatory No. 4 to the extent it requests information regarding non-attorneys. However, the undersigned will deny the motion to the extent it seeks the names of attorneys Plaintiff has communicated with regarding the underlying EEOC Charge and/or Complaint in this lawsuit. The undersigned is not persuaded that Defendant's request for the names of attorneys Plaintiff has consulted with is "reasonably calculated to lead to the discovery of admissible evidence." <u>See</u> Fed.R.Civ.P. 26 (b)(1).

> <u>Interrogatory No. 9</u>: Identify each and every instance in which Plaintiff has been indicted, charged, convicted, or arrested for any crime, including misdemeanors and felonies. For each instance identified: state the date of the indictment, charge, or arrest;

3

> describe the offense for which Plaintiff was indicted, charged, or arrested; state the jurisdiction in which Plaintiff was indicted, charged, or arrested; describe the disposition of the indictment charge, or arrest; where applicable, state the dates over which Plaintiff was incarcerated for any indictment, charge, or arrest; and describe the conditions of any parole or probation resulting from the indictment, charge, or arrest.
>
> <u>Plaintiff's Response to Interrogatory No. 9</u>: The plaintiff objects to this Interrogatory to the extent that it is outside the scope of this investigation, and is not relevant to this case
>
> <u>Plaintiff's May 1, 2013 Supplemental Response to Interrogatory No. 9</u>: UPS already has my criminal record history for the seven years prior to the time that I applied for employment. No further disclosure is relevant to the claims in this case, or likely to lead to the discovery of relevant information.
>
> <u>Plaintiff's May 30, 2013 Supplemental Response to Interrogatory No. 9</u>: With respect to interrogatory No. 9. My response is your request is outside the scope of this instant matter, I disagree, it was UPS who confirmed by stating that my criminal conviction record was not consistent with the driver helper position. The decision was made prior to UPS now requesting an overbroad request and has no relevancy to a decision already made. UPS has already considered my conviction and still has not respon[d]ed to my request for a more definite statement on the relationship with my conviction and the relationship to the driver helper position.

(Document No. 29-1, pp.8-9).

Defendant contends there are at least three reasons Plaintiff should be compelled to provide a complete response to Interrogatory No. 9: (1) Plaintiff's criminal history is relevant to Plaintiff's claims and Defendant's defenses; (2) the information is discoverable for purposes of assessing Plaintiff's credibility and character for truthfulness; and (3) Defendant's possession of some of the information does not relieve Plaintiff of his obligation to respond fully. (Document No. 29-1, p.9).

In his response, Plaintiff concedes that his "criminal history is a central issue in this lawsuit, in which Plaintiff alleges race discrimination based on UPS's consideration of his

4

criminal history." (Document No. 32, p.5). However, Plaintiff essentially argues that Defendant's Interrogatory No. 9 is overly broad and is not relevant. (Document No. 32, pp.5-6).

Based on Plaintiff's own acknowledgement that his "criminal history is a central issue in this lawsuit," the undersigned finds that the requested information is discoverable and that Plaintiff must provide a complete response to Interrogatory No. 9. Plaintiff is reminded that although the undersigned is persuaded that such information is *discoverable*, the presiding trial judge will determine what information is *admissible* at trial.

### 2. First Request for Production of Documents

Next, Defendant asserts that Plaintiff should be required to provide written responses to its First Requests for Production of Documents, and that it is not enough for Plaintiff to produce documents without also providing written responses to each request. (Document No. 29-1, p.10) (citing Fed.R.Civ.P. 34 (b)(2)B)). As noted in Defendant's "…Reply In Support…" it appears that Plaintiff's "Response…" (Document No. 32) "fails to address UPS's arguments regarding this issue." (Document No. 36, p.2).

Under the circumstances, the undersigned is persuaded that Plaintiff's written responses should be compelled as requested.

### 3. Attorney's Fees

Finally, Defendant contends that it should be awarded the reasonable attorney's fees incurred in preparing and filing the motion to compel. (Document No. 29-1, p.11). The undersigned notes, however, that the requested relief is being granted in part and denied in part. Moreover, it is unclear the extent to which Plaintiff, who is appearing *pro se*, responded to the request for production of documents, and/or whether he was aware of his obligations under Fed.R.Civ.P. 34.

The Court in its discretion will deny Defendant's request, without prejudice to Defendant renewing this request at a later date. Plaintiff is respectfully advised that continuing failures to comply with reasonable discovery requests may lead to sanctions pursuant to Fed.R.Civ.P. 37.

**B. Motion To Modify Initial Disclosures**

On July 1, 2013, Plaintiff filed a "…Motion To Modify Initial Disclosures" in which he apparently seeks to supplement previous disclosures pursuant to Fed.R.Civ.P. 26 (a). (Document No. 34). "Defendant United Parcel Service, Inc.'s Response To Plaintiff's Motion To Modify Initial Disclosure" (Document No. 35) was filed on July 8, 2013, and reports that "UPS does not oppose Plaintiff's request to modify his initial disclosures." As such, the undersigned will allow the motion to modify.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Defendant United Parcel Service, Inc.'s Motion To Compel" (Document No. 29) is **GRANTED in part** and **DENIED in part**, as more fully described herein. Plaintiff shall supplement his responses as directed herein on or before **July 31, 2013**.

**IT IS FUTHER ORDERED** that "Plaintiff's Motion To Modify Initial Disclosures" (Document No. 34) is **GRANTED.**

**SO ORDERED**.

Signed: July 16, 2013

David C. Keesler
United States Magistrate Judge